

# Notice of Service of Process

null / ALL
Transmittal Number: 20746220
Date Processed: 11/25/2019

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Don Davison vs. Liberty Mutual Insurance Company |
| **Matter Name/ID:** | Don Davison vs. Liberty Mutual Insurance Company (7128277) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 201982810 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 11/25/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Chad T. Wilson<br>832-415-1432 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT A

```
                                          Receipt Number: 840542
                                          Tracking Number: 73697274
EML
COPY OF PLEADING PROVIDED BY PLT
```

CAUSE NUMBER: 201982810

| | |
|---|---|
| PLAINTIFF: DAVISON, DON | In the 151st Judicial |
| vs. | District Court of |
| DEFENDANT: LIBERTY MUTUAL INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: LIBERTY MUTUAL INSURANCE COMPANY (A FOREIGN INSURANCE COMPANY) BY SERVING ITS REGISTERED AGENT C/O CORPORATION SERVICE COMPANY

211 EAST 7TH STREET SUITE 620

AUSTIN TX 78701-3218

  Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE.

This instrument was filed on November 15, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

  YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

  ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this November 18, 2019.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: TAHJ WIMBLEY

Issued at request of:
Wilson, Chad T
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER, TX 77598-0000
832-415-1432

Bar Number: 24079587

Tracking Number: 73697274
EML

CAUSE NUMBER: 201982810

| | |
|---|---|
| PLAINTIFF: DAVISON, DON | In the 151st |
| vs. | Judicial District Court |
| DEFENDANT: LIBERTY MUTUAL INSURANCE COMPANY | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock \_\_\_\_. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock \_\_\_\_. M., on the _____ day of _____, 20 \_\_\_\_\_,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____

_____
_____ of _____

County, Texas

_____  By: _____
              Affiant                                Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

_____
Notary Public

11/15/2019 10:59 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38525558
By: Tahj Wimbley
Filed: 11/15/2019 10:59 AM

CAUSE NO. _____

| | | |
|---|---|---|
| DON AND DAWN DAVISON, | § § | IN THE JUDICIAL COURT OF |
| *Plaintiffs,* | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| LIBERTY MUTUAL INSURANCE COMPANY, | § § § | |
| *Defendant.* | § § | _____ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Don and Dawn Davison, ("Plaintiffs"), by and through undersigned counsel, and files this Plaintiffs' Original Petition and Request for Declaratory Relief pursuant to TEX. CIV. PRAC. & REM. CODE §37.003—37.004 against Liberty Mutual Insurance Company ("Liberty Mutual") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2. Plaintiffs, Don and Dawn Davison, reside in Harris County, Texas.

3. Defendant, Liberty Mutual Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Liberty, through its registered agent for service: **c/o Corporation Service Company, 211 East 7th Street Suite 620, Austin Texas 78701 -3218.** Plaintiffs request service at this

time.

## JURISDICTION

4. The Court has jurisdiction over Liberty Mutual because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Liberty Mutual's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiffs assert claims for breach of contract for failure to pay according to a settlement agreement, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiffs own a Liberty Mutual Insurance Company insurance policy, number H3729840597640 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at **902 St. Andrews Road Humble, Texas 77339** ("the Property").

8. Liberty Mutual Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiffs. Liberty Mutual Insurance Company represented to Plaintiffs that the Policy included hail and windstorm On or about May 27, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Humble/Harris County Texas area.

9. In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Liberty Mutual against the Policy for damage to the Property. Liberty Mutual assigned claim number 033843618-01 to Plaintiffs' claim.

10. Plaintiffs asked Liberty Mutual to cover the cost of damage to the Property pursuant to the Policy.

11. Liberty Mutual hired or assigned its agent to inspect and adjust the claim. Williams conducted an inspection on or about June 11, 2016, according to the information contained in his estimate. Williams's findings generated an estimate of damages totaling $430.12. After application of depreciation and $2,694.00 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

12. Liberty Mutual, through its agent, Williams, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

13. On July 6, 2017, Defendant then invoked the appraisal provision of the Policy.

14. On August 2, 2017, Plaintiffs responded with their designated appraiser. The appraisal cost the Davison's over $1,600.00.

15. The Replacement Cost Value of the appraisal award is $17,611.35, over $17,000 more than Liberty Mutual's initial inspection results.

16. On January 15, 2018, Liberty provided an appraisal award payment of $7,704.78.

17. Post appraisal, a settlement agreement was reached where Liberty Mutual agreed to pay $19,417.35 to settle this matter. ($4,500.00 new money in addition to the RCV award of $17,611.00 minus the deductible).

18. Liberty Mutual has refused to pay the settlement agreement in full.

19. Liberty Mutual made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Liberty Mutual made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Williams.

20. Plaintiffs relied on Liberty Mutual's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

21. Upon receipt of the inspection and estimate reports from Williams, Liberty Mutual failed to assess the claim thoroughly, which is clear based on the findings of the appraisal. Based upon the grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Liberty failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

22. Furthermore, Liberty Mutual failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Williams performed an unreasonable and substandard inspection that allowed Liberty Mutual to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

23. Liberty Mutual's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance

Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract and the settlement agreement between Defendant and Plaintiffs.

24. Liberty Mutual's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Liberty and Williams have failed to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Liberty and Williams have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

25. Liberty Mutual's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A).

26. Liberty Mutual's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27. Liberty Mutual's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

28. Liberty Mutual's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY

29. All paragraphs from the fact section of this petition are hereby incorporated into this section.

5

## BREACH OF CONTRACT

30. Liberty is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Liberty and Plaintiffs.

31. Liberty Mutual's refusal to pay according to the terms of the settlement agreement constitutes a breach of contract.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32. Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

33. Liberty Mutual's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

34. Liberty Mutual's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Liberty's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

35. Liberty Mutual's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law,

6

for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

36. Liberty Mutual's unfair settlement practice of refusing to pay Plaintiffs' full claim constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

37. Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

38. Liberty Mutual's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

39. Liberty Mutual's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

40. Liberty Mutual's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Liberty knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

7

41. Liberty's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Liberty pursuant to the DTPA. Plaintiffs have met all conditions precedent to bring this cause of action against Liberty. Specifically, Liberty's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Liberty has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Liberty's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

   B. Liberty Mutual represented to Plaintiffs that the Policy and Liberty's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

   C. Liberty Mutual represented to Plaintiffs that Liberty Mutual's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

   D. Liberty Mutual advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Liberty Mutual breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. Liberty Mutual's actions are unconscionable in that Liberty Mutual took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Liberty Mutual's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G. Liberty Mutual's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

42. Each of the above-described acts, omissions, and failures of Liberty Mutual is a producing cause of Plaintiffs' damages. All of Liberty Mutual's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

43. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

44. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

45. Plaintiffs currently estimate that damages owed are $24,600.00.

46. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs' damages.

47. For breach of contract, Plaintiffs have entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

48. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs have entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

49. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs have entitled to the amount of his claims, plus a ten percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

50. For breach of the common law duty of good faith and fair dealing, Plaintiffs have entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Liberty owed, exemplary damages, and damages for emotional distress.

51. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

52. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

53. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of less than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## DECLARATORY RELIEF

54. Plaintiffs incorporate the facts set forth within.

55. Plaintiffs seek a declaratory judgment to enforce the terms of the settlement agreement, as well as, the payment of appraisal costs, interest for prompt payment violations, and reasonable and necessary attorney fees.

56. Plaintiffs request a hearing set on Plaintiffs' request for declaratory relief set thirty days after Defendant Liberty Mutual files an answer.

## REQUESTS FOR DISCLOSURE

57. Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

58. Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendant, Liberty Mutual Insurance Company, be cited and served to appear and that upon trial hereof, Plaintiffs Don and Dawn Davison, recover from Defendant, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-

judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Tara L. Peveto
Bar No. 24076621
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

Mailed From 752
11/20/2019
032A 00618553

7019 0140 0000 4210 6085

CORPORATION SERVICE COMPANY
211 E. 7th STREET., #620
AUSTIN, TEXAS 78701

CUMENT MANAGEMENT
FREEWAY SUITE #307
LAS, TEXAS 75240